HAWTHORNE, Justice
(dissenting).
I am of the view that the judgment of the Court of Appeal affirming a judgment of the district court is correct and should be affirmed.
The majority opinion recognized that Pittman could reject any person sent to the job by the union, but that it was required to use union labor or face the possibility of a strike. The New Orleans union had jurisdiction over the Gulfport, area where the accident happened, and thus Pittman had to seek union labor in the manner it did. Under these circumstances I cannot agree that the union in the instant case was the agent of the employer Pittman. Even if the union be considered as the agent of Pittman, however, Pittman still had the right to reject any particular person who was sent to the job in Mississippi.
The New Orleans union for ironworkers has territorial jurisdiction.in part of Louisiana and Mississippi, extending in Mississippi as far east as Biloxi. An employer using union labor in the jurisdiction of this union is required to hire such labor through the New Orleans local and through its New Orleans office. If this fact alone, without any contractual relationship between the employer and the unionj makes the local union the agent of the employer (for employment purposes) so as to constitute the contract of hiring a Louisiana contract, then the majority opinion has:a far-reaching effect. For 'instance, any union member who lives in Mississippi and works'theré for'a' com *549 pany which does business only in that state may seek compensation for injury under the laws of the State of Louisiana solely because the employer is forced to seek union labor through the New Orleans office, even though the employer has the right to reject a member of the union sent to the job-site.
I further note that the plaintiff in the instant case has already been paid and accepted workmen’s compensation as a result of this accident under the provisions of the Mississippi Workmen’s Compensation Statute.